UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PONO PAANI, LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 1:14-cv-1089 |
| | § | |
| v. | § | |
| | § | |
| BELKIN INTERNATIONAL, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**COMPLAINT**

**The Parties**

1. Plaintiff Pono Paani, LLC is a limited liability company with a business address at 700 Lavaca Street, Suite 607, Austin, Texas 78701.

2. Upon information and belief, Defendant Belkin International, Inc. ("Defendant") is a corporation with its principal place of business at 12045 E. Waterfront Drive, Playa Vista, California 90094.

**Jurisdiction and Venue**

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338 because this action is for patent infringement and arises under the Patent Laws of the United States, Title 35 of the United States Code.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

5. Upon information and belief, Defendant does business in the State of Texas and this Court's district and/or places goods and services in the stream of interstate commerce, knowing that its goods and/or services will arrive in the State of Texas and in this Court's district.  Upon information and belief, Defendant has committed the tort of patent infringement within the State of Texas and this Court's district.  Venue and jurisdiction is therefore proper.

### GENERAL AVERMENTS

**Plaintiff's Patent Rights**

6. United States Patent No. 8,477,931 ("the '931 Patent") was duly and legally issued (the "Patent").  *See* **Exhibit 1**.

7. Plaintiff is the owner of all rights in and to the Patent.  *See* **Exhibit 2**.

8. The Patent concerns cases for working portable electronic devices, portable electronic device holders, and methods of making a system that includes a case and building elements coupled to the case.

**Defendant and its Infringing Activities**

9. Defendant is in the business of making, having made, using, selling, offering for sale, and/or importing in the United States the Belkin LEGO® Building Case for iPhone 5 and iPhone 5s, LEGO Builder Case for iPad mini 3, iPad mini 2, and iPad mini, and LEGO Builder Case for iPod (the "Infringing Products").  Defendant uses and induces others to use the Infringing Products so that Defendant and/or certain third parties infringe upon the methods patented in the Patent.  This Infringing Products are cases for portable electronic devices, including smartphones, media players, and tablets.  *See* **Exhibits 3, 4A, 4B, 5A, 5B, 6A, 6B, 7A, and 7B**.

10. Defendant makes, offers to sell, and/or sells its Infringing Products in the state of Texas and this district.  Defendant induces others to practice the methods covered by the Patent in Texas and this district.

11. The activities of Defendant have been without authorization from Plaintiff.

12. On or about June 2, 2014, Plaintiff's counsel sent Defendant a letter providing a copy of the Patent, an explanation of the what the patent covers, an identification of the Infringing Products, and a request that Defendant respect Plaintiff's intellectual property rights in and to the Patent.  *See* **Exhibit 8.**  On or about August 8, 2014, Plaintiff's counsel sent a follow up letter to Defendant.  *See* **Exhibit 9.**  Defendant responded with an email message stating that Defendant would review the allegations set forth in Plaintiff's letter, and that Defendant or its license partner, The LEGO Group, would get back to Plaintiff's counsel once Defendant had ample time to review and consider the letter. *See* **Exhibit 10.**  Defendant has not, however, provided any further communication relating to Plaintiff's letters, and Defendant continues to make, have made, use, sell, offer for sale and import the Infringing Products in the United States.  *See* **Exhibit 3** (webpage screen capture on November 12, 2014).

## COUNT I - PATENT INFRINGEMENT

13. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. This cause of action arises under the Patent Laws of the United States, Title 35, United States Code.

15. Defendant has infringed and continues to infringe the Patent under 35 U.S.C. § 271 *et seq.*, either literally or under the doctrine of equivalents.  This infringement was and is willful and intentional.

16. Defendant has, without authority, consent, right or license, and in direct infringement of the Patent, made, used, sold, offered to sell, and/or imported the Infringing Product in this country and practiced the methods set forth in the Patent in this Country, and, upon information and belief, such Infringing Product have been offered for sale, sold, and used and such methods have been practiced in the state of Texas and this district.

17. Defendant's infringing conduct is willful, intentional, and unlawful and, upon information and belief, will continue unless enjoined by this Court.

### COUNT II - INDUCEMENT OF PATENT INFRINGEMENT

18. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. This cause of action arises under the Patent Laws of the United States, Title 35, United States Code, in particular under 35 U.S.C. § 271(b).

20. Defendant has, in this country, actively and/or intentionally induced others to use products that infringe the Patent and practice the methods taught in the Patent, and, upon information and belief, have induced others to use products that infringe the Patent and practice such methods in the state of Texas and in this district.

21. Defendant's infringing conduct is willful, intentional, and unlawful and, upon information and belief, will continue unless enjoined by this Court.

### COUNT III - CONTRIBUTORY PATENT INFRINGEMENT

22. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. This cause of action arises under the Patent Laws of the United States, Title 35, United States Code.

24.     Defendant is furthermore liable for contributory infringement, pursuant to 35 U.S.C. § 271(c), in that Defendant has made, imported and/or sold within the United States a component of a patented machine, manufacture, composition, combination, or system, and/or a material or apparatus for use in practicing a patented process, including a material part of the invention, knowing the same to be especially made or adapted for use in the infringement of the Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, and, upon information and belief, have done such activities in the state of Texas and in this district.

25.     Defendant's infringing conduct is willful, intentional, and unlawful and, upon information and belief, will continue unless enjoined by this Court.

## DAMAGES

26.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 25 of this Complaint as if fully set forth herein.  Plaintiff has suffered, is suffering, and will continue to suffer irreparable harm and injury as a result of Defendant's aforesaid activities. Defendant will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, all to Plaintiff's irreparable damage.  Plaintiff's remedy at law is not adequate to compensate it for the injuries suffered and threatened.  By reason of Defendant's acts complained of herein, Plaintiff has suffered monetary damages in an amount that has not yet been determined.

## REQUEST FOR JURY TRIAL

27.     Plaintiff hereby demands that this cause be tried by a jury.

**PRAYER**

28.   WHEREFORE, Plaintiff demands:

   A.   That Defendant and its agents, officers, directors, employees, servants, representatives, customers, privies, successors and assigns, and all holding by, through or under Defendant, and all those acting for or on the behalf of Defendant, or in active concert, participation, or combination with Defendant, be enjoined and restrained, immediately and preliminarily (*i.e.*, a temporary restraining order, preliminary injunction, and/or permanent injunction as deemed appropriate by the Court), during the pendency of this action and permanently thereafter from, in the United States:

   (1)   making, using, offering to sell, selling and/or importing the infringing products, or any colorable imitation thereof,

   (2)   inducing others from infringing the Patent, and/or contributing to the infringement of the Patent by others; and

   (3)   otherwise infringing upon the Patent.

   B.   That this Court order Defendant and its agents, officers, directors, employees, servants, representatives, customers, privies, successors and assigns, and all holding by, through or under Defendant, and all those acting for or on the behalf of Defendant, or in active concert, participation, or combination with Defendant, to deliver up to this Court, and to permit the seizure by Officers appointed by the Court of all articles and materials infringing upon the rights of Plaintiff, and particularly, without limitation, all products and materials which embodies or includes the infringing products and materials, and to be delivered up for destruction on the issuance of a final Order in this action, including all infringing products and

materials, and Defendant submit in writing, under oath, a description of all actions taken to comply with this portion of the Order.

   C. That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of the Patent.

   D. That, in the alternative, a reasonable royalty be awarded to Plaintiff pursuant to 35 U.S.C. § 284.

   E. That Defendant be ordered to account for and pay over to Plaintiff all its respective gains, profits and advantages derived from the infringement of the Patent or such damages as to the Court shall appear proper within the patent laws.

   F. That Defendant be ordered to pay Plaintiff enhanced damages (*e.g.*, treble damages).

   G. That Defendant be ordered to pay to Plaintiff the costs of this action, prejudgment interest, and post-judgment interest.

   H. That this case be found to be exceptional.

   I. That Defendant be ordered to pay Plaintiff's reasonable attorneys' fees, experts' fees, and costs.

   J. That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Eric B. Meyertons
Eric B. Meyertons
  Texas State Bar No. 14004400
  emeyertons@intprop.com
Dwayne K. Goetzel
  Texas State Bar No. 08059500
  dgoetzel@intprop.com
Ryan T. Beard
  Texas State Bar No. 24012264
  rbeard@intprop.com
MEYERTONS, HOOD, KIVLIN,
  KOWERT & GOETZEL, P.C.
1120 South Capital of Texas HWY
Building 2, Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR PLAINTIFF
PONO PAANI, LLC**